UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL LEDANTE MORROW,

    **Plaintiff,**

    v.

        Civil Action 2:21-cv-5193
        Judge Michael H. Watson
        Magistrate Judge Chelsey M. Vascura

MARK C. FLEEGLE, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Michael Morrow, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, asserting claims against a county judge, a county prosecuting attorney, and his defense attorney, alleging that these individuals violated his constitutional rights. This matter is before the undersigned for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.) Plaintiff is required to pay the full amount of the Court's $402 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's account summary reveals that he currently possesses $59.22 in his account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at Muskingum County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $402.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.

Although Plaintiff's Complaint lacks clarity, it appears Defendant Judge Mark C. Fleegle presided over a criminal case pending in the Muskingum County Court of Common Pleas in

which Plaintiff was a Defendant. Plaintiff alleges that on September 15, 2021, Defendant Judge Mark C. Fleegle recused himself from Plaintiff's criminal case after holding him in contempt for refusing to take a plea agreement offered by Defendant Assistant Prosecutor John Liddle. Plaintiff also alleges that Defendant Judge Fleegle waived his speedy trial rights without permission. Plaintiff alleges that Defendant Keith Edwards, the attorney appointed to defend him, incorrectly informed him that he was not a "sovereign" and incorrectly advised him on the applicability of federal law. (Pl.'s Compl., ECF No. 1-1 at PAGEID # 19.) Plaintiff's Complaint identifies no allegations against Defendant Tamas Tabor. Plaintiff brings individual-capacity claims for monetary damages against all Defendants for unspecified violations of "the laws of the United States" and his constitutional rights. (*Id*. at PAGEID ## 19-20.) He also seeks an order enjoining Defendants from violating his rights.

### III.

All of Plaintiff's claims must be dismissed. No matter how liberally the Court construes Plaintiff's Complaint, Defendants Judge Fleegle and Prosecutor John Liddle are entitled to absolute immunity from civil liability. Judges and prosecutors are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutors immune for actions taken within the scope of duty); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity only overcome if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial and prosecutorial immunity apply to exempt the county judge and prosecutor he names. Accordingly, it is **RECOMMENDED** that the Court dismiss

5

Plaintiff's claims against Defendants Fleegle and Liddle pursuant to § 1915(e)(2).

To the extent Plaintiff intends to bring state-law attorney malpractice claims against Defendant Attorney Keith Edwards, who was appointed to represent Plaintiff in his state-court criminal action, the undersigned recommends that the Court decline to exercise jurisdiction over those claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, based upon the information contained in Plaintiff's Complaint, it appears that Plaintiff and Defendant are citizens of Ohio such that the Court may not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. (Compl. 1, ECF No. 1.) Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims, and the undersigned recommends dismissal of Plaintiff's purported federal claims. Under these circumstances, pursuant to 28 U.S.C. § 1367(c)(3), the undersigned **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it **DISMISS WITHOUT PREJUDICE** any such claims.

Finally, because Plaintiff's Complaint contains no allegations against Defendant Tabor, it is recommended that his claims against Defendant Tabor be **DISMISSED** pursuant to § 1915(e)(2).

## IV.

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.  In addition, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

                                           /s/ *Chelsey M. Vascura*
                                           CHELSEY M. VASCURA
                                           UNITED STATES MAGISTRATE JUDGE